IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-3346-D

LARRY BLAKNEY, )
)
Plaintiff, )
)
v. ) **ORDER**
)
UNITED STATES OF AMERICA and )
HARTSVILLE S.C. POLICE DEP'T, )
)
Defendants. )

On September 13, 2022, Larry Blakney ("plaintiff" or "Blakney"), proceeding pro se, filed this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80 and 42 U.S.C. § 1983 [D.E. 1]. Blakney moves to proceed in forma pauperis [D.E. 2].[1] Blakney has filed several motions and discovery requests [D.E. 5–6, 8–9]. As explained below, the court grants Blakney's motion to proceed in forma pauperis, denies as moot Blakney's motions, and dismisses the action as frivolous.

---

[1] "28 U.S.C. § 1915 governs applications to proceed in forma pauperis, including applications filed by prisoners." Banks v. Hornak, 698 F. App'x 731, 734 (4th Cir. 2017) (per curiam) (unpublished). When Blakney commenced this action, his criminal charges had been dismissed without prejudice, and the United States had filed a certificate of mental disease or defect for Blakney's commitment pursuant to 18 U.S.C. § 4246. See Order, United States v. Blakney, No. 4:19-cr-00862 (D.S.C. Sept. 9, 2021), [D.E. 86]; Cert., United States v. Blakney, No. 5:21-HC-2160 (E.D.N.C. July 23, 2021), [D.E. 1]. Accordingly, Blakney is not subject to the Prison Litigation Reform Act. Cf. Banks, 698 F. App'x at 735–36. Blakney was subject to the filing restrictions of 28 U.S.C. § 1915(g). See Blakney v. SLED, No. 6:21-cv-00765, 2021 WL 2535582, at *1 (D.S.C. May 4, 2021) (collecting cases), report and recommendation adopted in part, 2021 WL 2533056 (D.S.C. June 21, 2021) (unpublished).

I.

When a litigant seeks leave to proceed in forma pauperis, the court shall dismiss the case if the court determines that the action is frivolous or malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted).

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Blakney is confined at the Federal Medical Center in Butner, North Carolina ("FMC Butner"). See Compl. [D.E. 1] ¶ 4. Blakney alleges that the court has authorized his electronic surveillance through the Foreign Intelligence Surveillance Act. Id. at ¶ 9(a)–(c). This surveillance allows "everyone in attendance" to observe Blakney using the toilet in his cell "in violation of his constitutional right to privacy," and to harass Blakney "with 'imminent threats' of inflicting him with serious bodily injuries of death if he don't remove his youth pastoral position from his Facebook page[,]" causing Blakney serious mental anguish. Id. at ¶ 9(e)–(h).

2

Blakney seeks $7.5 million from each defendant. Compl. at ¶ 11. Blakney also moves to appoint a guardian ad litem [D.E. 5], for the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d) [D.E. 6], for a temporary restraining order [D.E. 10], and for discovery on "any F.B.I. files on Larry Blakney obtained by the White House during the subsequent administration of Joseph R. Biden, Jr.," along with related correspondence [D.E. 9].

Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quotation omitted); see Neitzke, 490 U.S. at 327. Examples of such claims include claims "describing fantastic or delusional scenarios" or claims which are otherwise manifestly "fanciful" or so wholly irrational as to lack any basis in fact. Denton, 504 U.S. at 32–33 (quotation omitted); see Neitzke, 490 U.S. at 325, 328; Adams, 40 F.3d at 74–75. Blakney's allegations are baseless, delusional, and wholly irrational, and he has repeatedly made some variation of these delusional allegations. See PACER Case Locator, ADMIN. OFFICE OF THE U.S. COURTS, https://pacer.uscourts.gov/ (search by "Blakney, Larry") (last visited Nov. 22, 2022); Blakney v. SLED, No. 5:21-CT-3071, 2021 WL 5918008, at *3 (E.D.N.C. Nov. 29, 2021) (unpublished), aff'd, No. 21-7717, 2022 WL 1135117 (4th Cir. Apr. 18, 2022) (per curiam) (unpublished), cert. denied sub nom. Blakney v. S.C. L. Enf't Div., No. 21-8037, 2022 WL 4652961 (U.S. Oct. 3, 2022); Blakney, 2021 WL 2535582, at *3; Blakney v. Hartsville SC Police Offs., No. 6:20-cv-03770, 2021 WL 1178655, at *3–4 (D.S.C. Feb. 2, 2021) (unpublished), report and recommendation adopted, 2021 WL 1177107 (D.S.C. Mar. 29, 2021) (unpublished); Blakney v. Brewton, No. 6:20-cv-03219, 2021 WL 1178656, at *3–4 (D.S.C. Feb. 1, 2021) (unpublished), report and recommendation adopted, 2021 WL 1177109 (D.S.C. Mar. 29, 2021) (unpublished). Thus, the court dismisses the action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

3

II.

In sum, the court GRANTS plaintiff's application to proceed in forma pauperis [D.E. 2], DENIES AS MOOT plaintiff's motions [D.E. 5, 6, 8], and DISMISSES the action as frivolous [D.E. 1]. The clerk shall close the case.

SO ORDERED. This 22 day of November, 2022.

JAMES C. DEVER III
United States District Judge